# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TYLER JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07CV2055 TIA |
| ) | |
| CORRECTIONAL MEDICAL ) | |
| SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Tyler Johnson (registration no. 25989), an inmate at St. Louis City Justice Center, for leave to proceed in forma pauperis. [Doc. #2]. The motion will be granted. Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim upon which relief can be granted.

## 28 U.S.C. § 1915(b)

Normally, a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. However, prisoners who have no assets with which to pay a partial initial filing fee must still be permitted to proceed in forma pauperis. 28 U.S.C. § 1915(b)(4). Although plaintiff has not submitted a copy of his prison account in this case because he is unable to obtain one, he has submitted his financial information to the Court in several other cases. In each instance, plaintiff had no money or a negative balance in his prison account. As a result, the Court will allow plaintiff to proceed without payment of any filing fee. Id.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff, a pretrial detainee, brings this official-capacity suit under 42 U.S.C. § 1983. Named as defendants are Correctional Medical Services (CMS), Richard Meier (Dentist, CMS), SLCJC, Unknown Burt (Lieutenant, SLCJC), Irene Mitchell (Correctional Officer), Sam Simon (same), Almeda Ball-Tyler (same), and James Chrans (same). The complaint seeks monetary and injunctive relief.

Plaintiff alleges that CMS has a policy of hiring undertrained and incompetent staff to save money. Plaintiff claims that he was treated by defendant Meier and that, as a result of Meier's "incompetence," herpes sores broke out in his throat.

Most of plaintiff's allegations against the SLCJC defendants are vague and conclusory. For example, plaintiff says that the SLCJC defendants routinely engage in "torture" or "corporal punishment" and that there is a "diabolical plot" to deprive all inmates of their constitutional rights. More specifically, plaintiff alleges that the SLCJC defendants did not allow him to have a mattress or to take a shower for thirty days and that he was not given his medication.

**Discussion**

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of the City of St. Louis was responsible for the alleged violations of plaintiff's constitutional rights committed by SLCJC, Burt, Mitchell, Simon, Ball-Tyler, or James Chrans. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants.

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Vaughn v. Greene County, 438 F.3d 845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); Hartsfield v. Colburn, 371 F.3d 454, 457

(8th Cir. 2004) (applying the Eighth Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) (Eighth Amendment); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995) (same). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Vaughn, 438 F.3d at 850. The allegations in the complaint fall short of stating a prima facie case of deliberate indifference because they sound in negligence. As a result, the complaint fails to state a claim upon which relief can be granted as to defendants CMS and Meier.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because it fails to state a claim upon which relief can be granted. An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this   29th   day of January, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE